UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:05-CV-00018-M

RICHARD YEACKERING                                                                           PLAINTIFF

v.

NANCY ANKROM, et al.                                                          DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court for screening, pursuant to 28 U.S.C. § 1915. Plaintiff, Richard Yeackering, *pro se*, seeks compensatory and punitive damages, under 42 U.S.C. § 1983, from a deputy jailer and two nurses employed at the Daviess County Detention Center, in their official and individual capacities. Plaintiff alleges he has received inadequate dental care during his incarceration. The Court will dismiss the complaint for failure to state a claim upon which relief may be granted.

**I.**

When a prisoner commences a civil action against a government entity, officer, or employee, the district court must review the complaint, before service of process on the defendants, to identify "cognizable claims" and to dismiss any portion of the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

The district court must liberally construe the allegations in a light most favorable to the plaintiff and accept all factual allegations as true. *Prater v. City of Burnside*, 289 F.3d 417, 424 (6th Cir. 2002). The district court better serves "substantial justice" by examining the "thrust, not just the text," of *pro se* litigants' allegations. *Burton v. Jones*, 321 F.3d 569, 573-74 (6th Cir.

2003). Although the court holds *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers, the district court is under no duty to conjure up unpled allegations. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

A complaint fails to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). The complaint must contain more than bare legal conclusions. *Lillard v. Shelby County Board of Education*, 76 F.3d 716, 726 (6th Cir. 1996). The complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

## II.

Plaintiff alleges that while incarcerated, a filling came out of his tooth and, after four months, worsened to the point of an abscess. All the while, he waited his turn on a list to see a dentist, despite his grievances, which elicited only that he could see a dentist sooner if he paid for the treatment. Plaintiff alleges a dentist finally treated him, but pulled not the abscessed but another tooth and stated he would have to see a specialist.

Plaintiff sues two nurses, Tammy Basham and Sara Estes, for the denial of medical care, and Nancy Ankrom, Chief Deputy. Plaintiff provides no factual allegations specific to the individual Defendants. He seeks compensatory and punitive damages.

### III.

Congress enacted § 1983 to create a civil remedy for individuals who have suffered injury at the hands of government officials acting in violation of federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983, itself, creates no substantive rights but, rather, affords a remedy to rights established elsewhere. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Section 1983 states, "Every person who, under color of [law], subjects ... any [person] to the deprivation of any rights ... secured by the Constitution and laws, shall be liable to the party injured ... ." 42 U.S.C. § 1983.

### A.  Official-Capacity Claims

Plaintiff sues Defendants in their official capacities. Pleading official capacity is another way of pleading suit against the entity of which the defendant is an agent, official, or employee, and the pleader may recover damages against the entity rather than the personal assets of the individual. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Defendants are employees, agents, or officers of the Daviess County Detention Center. The official-capacity claims are, therefore, claims against Daviess County.

A municipal corporation or local government is a "person" within the meaning of § 1983, based on the statute's legislative history. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978); *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir. 2000). To recover damages against a county government, however, a plaintiff must allege an official policy or custom caused a violation of the plaintiff's federal rights; municipal liability arises not merely from the actions of its agents, employees, or officials. *Monell,* 436 U.S. at 658; *Holloway*, 220 F.3d at

772.  "[A] governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official-capacity suit the entity's 'policy' or 'custom' must have played a part in the violation of federal law."  *Graham*, 473 U.S. at 166 (citing *Monell,* 436 U.S. at 658)).  It suffices to allege, in the complaint, that an individual officer's conduct conformed to official policy or custom.  *Leatherman v. Tarrant Co. Narcotics Unit*, 507 U.S. 163, 165 (1993).

Here, the complaint contains no allegations that officials or employees of the county jail acted in conformance with an unconstitutional policy or custom.  There are no allegations from which the Court may infer that a county policy or custom was responsible for the alleged deprivation of Plaintiff's constitutional rights.  The complaint simply contains no set of facts to support of a § 1983 claim against Defendants in their official capacities.

The Court will therefore dismiss the official-capacity claims against Defendants, for failure to state a claim on which relief may be granted.

**B.  Individual-Capacity Claims**

Incarcerated individuals' right to medical care stems from the federal constitution's prohibition against cruel and unusual punishment.  U.S. Const. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97 (1976).[1]  To state a constitutional medical claim, a prisoner must allege facts that tend to show the defendant acted, or failed to act, with "deliberate indifference to serious medical needs."  *Id.* at 104; *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice.  *Id.* at

---

[1] *See also Watkins v. City of Battle Creek,* 273 F.3d 682, 685-86 (6th Cir. 2001) (holding that the Eighth Amendment's protection extends to pretrial detainees through the Fourteenth Amendment's guarantee of substantive due process).

835-36. Thus, allegations of medical malpractice fail to state an Eighth Amendment claim of cruel and unusual punishment. *Estelle*, 429 U.S. at 106.

Furthermore, a difference of opinion between a prisoner and a doctor over diagnosis or treatment also fails to state an Eighth Amendment claim of deliberate indifference to a serious medical need. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir.1976). Rather, the medical treatment at issue must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or [to be] intolerable to fundamental fairness." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). To state a viable claim under § 1983, a plaintiff must allege "with particularity" all material facts to be relied upon when asserting that a governmental official has violated a constitutional right. *Id.* at 842.

Here, there are no factual allegations to support a claim that Plaintiff has suffered from a deliberate indifference to a serious medical need. Plaintiff alleges a delay in treatment, and complains at most of a difference of opinion in the dental treatment eventually provided. Just as important, Plaintiff fails to allege with particularity any facts that link the alleged constitutional violation with each Defendant. The Court concludes that the allegations in the complaint fail to allege acts or omissions so grossly incompetent, inadequate, or excessive as to shock the conscience, nor do the allegations describe conduct that is intolerable to fundamental fairness.

The Court will dismiss the individual-capacity claims, therefore, for failure to state a claim on which relief may be granted.

The Court will enter an order consistent with this Memorandum Opinion.

Dated:

cc:     Plaintiff, *pro se*
        Daviess County Attorney
4414.007